FIFTH DIVISION
March 30, 2007

No. 1-05-1050

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| TODD JOHNSON, | ) | Honorable |
| | ) | Nicholas Ford, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following bench trial, defendant Todd Johnson was convicted of possession with intent to deliver a controlled substance and sentenced to 18 years in the Illinois Department of Corrections. Defendant argues the trial court failed to properly inquire into his *pro se* claim of ineffective assistance of counsel as required by *People v. Krankel*, 102 Ill. 2d 181 (1984). Defendant also contends his extended sentence violated *Shepard v. United States*, 544 U.S. 13, 161 L. Ed. 2d 205, 125 S. Ct. 1254 (2005). In addition, defendant challenges his $20 penalty under the Violent Crime Victims Assistance Fund Act (725 ILCS 240/1 *et seq*. (West 2002)), his $5 spinal cord injury fee, and the trial court's refusal to apply a $5-per-day sentence credit towards his $2,000 controlled substance assessment for his 453 days in custody before sentencing. Finally, defendant seeks correction of the description of his offense in the mittimus. We affirm as modified.

BACKGROUND

In January of 2004, defendant was arrested in Chicago for selling heroin. Police officers testified to observing him make several sales on the streets of Chicago. Upon his arrest, police found defendant in possession of approximately seven grams of heroin and cash from the drug deals. On June 15, 2004, Johnson was convicted of possession with intent to deliver a controlled substance and the case was continued for sentencing. Before sentencing, defense counsel and defendant informed the court that defendant was taking psychotropic medication. Defendant also informed the court that he did not believe that his attorney was working in his best interests and filed a *pro se* motion for a new trial alleging ineffective assistance of counsel. In his motion, defendant claimed that his defense attorney never visited him in jail, failed to file certain pretrial motions, failed to investigate the crime scene, and failed to conduct sufficient cross-examination.

In response to defendant's claims, the trial court appointed a new attorney to represent defendant on his posttrial motions. Sentencing occurred on April 6, 2005, during which defendant again made his *pro se* allegation to the trial judge. The trial judge denied defendant's *pro se* motion, as well as his attorneys' motions for new trial, and imposed an extended sentence of 18 years in the Illinois Department of Corrections. Defendant was also assessed a total of $2,704 in fines, fees, costs and other monetary penalties. This included a $20 penalty for the Violent Crime Victims Assistance Fund, a $5 fee for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund and a $2,000 controlled substance assessment. Defendant was incarcerated for 453 days before being sentenced. This appeal followed.

## I. Ineffective Assistance of Counsel

Defendant contends that under the principles articulated in *People v. Krankel*, 102 Ill. 2d 181 (1984), the trial court was obligated to conduct a preliminary inquiry into the bases for his *pro se* claims of ineffective assistance of counsel. He argues the failure to do so requires remand.

In *People v. Krankel*, 102 Ill. 2d 181, 189 (1984), the defendant, accused of burglary, filed a *pro se* motion alleging ineffective assistance of counsel because his public defender failed to investigate the defendant's claim that he had an alibi that would prove his innocence. In *Krankel*, the Illinois Supreme Court found defendant's potential alibi formed a crucial part of his case and appointed him new counsel to aid in his ineffective assistance of counsel argument. *Krankel*, 102 Ill. 2d at 189.

The Illinois Supreme Court in *People v. Moore*, 207 Ill. 2d 68, 77-79 (2003), discussed the procedures trial courts could use to resolve a posttrial, *pro se* ineffective assistance of counsel motion. The trial court could conduct a brief discussion with trial counsel or defendant to determine the potential merit of defendant's allegations, or the trial court could resolve the defendant's *pro se* allegations based on its knowledge of defense counsel's performance at trial and the insufficiency of the allegations on their face. *Moore*, 207 Ill. 2d at 78-79.

Applying the Illinois Supreme Court's ruling in *Moore*, the trial court is not required to perform all of the above actions to determine whether there is ineffective assistance of counsel. Rather, the trial court can base the decision on a discussion of the claim with the defendant *or* defendant's counsel *or* base its evaluation on its knowledge of defense counsel's performance at trial and the insufficiency of the allegations on their face. *Moore*, 207 Ill. 2d at 79. In *Moore*, the

3

Illinois Supreme Court made it clear that new counsel is not automatically required in every case in which a defendant alleges ineffective assistance of counsel in a *pro se* motion. *Moore*, 207 Ill. 2d at 77. If a defendant's claim lacks merit or relates to only matters of trial strategy, then the trial court is not required to appoint new counsel and may deny the *pro se* motion. *Moore*, 207 Ill. 2d at 78.

In the instant case, on September 29, 2004, the defendant filed a written posttrial motion claiming his trial attorney was ineffective; however, the case was continued. On December 3, 2004, the trial court appointed a new attorney to represent defendant on his posttrial motions and continued the case. On April 6, 2005, defendant's new attorney argued the amended motion for new trial and reminded the court about defendant's *pro se* motion claiming ineffectiveness of trial counsel. The trial court reviewed the defendant's motion and allowed the defendant an opportunity to further state his claims in court with newly appointed counsel to assist him. As to defendant's *pro se* motion alleging ineffective assistance of trial counsel, defendant's new counsel inquired of defendant as follows: "I would ask if he would want to add anything to that." The trial court responded: "Any argument that you want to make, Mr. Johnson?" Defendant declined the trial court's offer to argue, explain, or support his motion. The trial court specifically stated: "I reviewed all the documents you ever tendered to me." Defendant's new attorney at that point indicated that he believed defendant would stand on his written motion.

Additionally the trial court expressly addressed the fact that it believed that the original defense counsel performed adequately. The trial court indicated that defendant had been ably represented both at trial and at the hearing on the posttrial motions. The trial court noted the

4

original defense counsel did a great deal of work in the criminal court's building and described his representation as able. As to both the original defense counsel and newly appointed defense counsel the trial court indicated as follows: "I respect their ability a great deal."

Upon review of the defendant's argument, the operative concern is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel. *People v. Johnson*, 159 Ill. 2d 97, 125 (1994). The record in the instant case reflects the trial court reviewed defendant's motion and specifically gave defendant the opportunity to argue, explain, and support his allegations. See *People v. Cummings*, 351 Ill. App. 3d 343, 352-53 (2004) (trial court conducted adequate inquiry because it read defendant's motion and gave defendant the opportunity to argue, explain, and support his allegations). Moreover, in the instant case, defendant was appointed a new attorney to aid in presenting his claims of ineffective assistance and to argue trial counsel's posttrial motion for new trial, as well as the amended motion for new trial. The record reflects that the trial court's actions were appropriate and demonstrated adequate review and inquiry into defendant's allegations of ineffective assistance of counsel. Accordingly, we reject defendant's argument that the case should be remanded for the trial court to conduct further proceedings in connection with defendant's *pro se* claims of ineffective assistance of counsel.

Defendant alleged in his *pro se* motion that his trial counsel was ineffective for failing to visit him in jail to discuss his case, failing to litigate a motion to quash arrest and suppress evidence, and failing to properly investigate and conduct sufficient cross-examination. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his

counsel's representation was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 669, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Both prongs of the *Strickland* test must be satisfied to establish an ineffective assistance of counsel claim. *People v. Albanese*, 104 Ill. 2d 504, 525-27 (1984). Counsel's performance is deficient if it fails to satisfy an objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. The defendant must overcome a strong presumption that the challenged action or inaction was the product of sound trial strategy. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). A defendant is prejudiced if there is a reasonable probability that the outcome of the trial would have been different or that the result of the proceeding was unreliable or fundamentally unfair. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064; *People v. Evans*, 209 Ill. 2d 194, 220 (2004). Such a reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. In deciding whether a defendant has demonstrated deficient performance and the reasonable probability of a different result, a reviewing court must "consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2069. Where a defendant fails to satisfy *Strickland*'s second prong by failing to show prejudice, the reviewing court need not determine whether *Strickland*'s first prong of deficient performance has been met. *People v. Grant*, 339 Ill. App. 3d 792, 799 (2003).

In the instant case, defendant claimed ineffective assistance of counsel because his trial attorney allegedly never visited him in jail to discuss and prepare his case. Defendant has not alleged that his attorney never discussed his case with him and did not demonstrate how personal

visits at the jail would have been outcome determinative. Accordingly, this alleged failure by defense counsel was not ineffective assistance.

Defendant further alleged that his attorney was ineffective for failing to file pretrial motions to quash arrest and suppress evidence. Whether an attorney's failure to litigate a motion to quash suppress is ineffective assistance of counsel "depends on the circumstances of each case." *People v. Follins*, 196 Ill. App. 3d 680, 687 (1990); *People v. Nunez*, 263 Ill. App. 3d 740, 752 (1994). Whether to file pretrial motions to suppress is a matter of trial strategy. *People v. Woodard*, 367 Ill. App. 3d 304, 312 (2006). Mistakes in strategy or tactics do not, alone, amount to ineffective assistance of counsel. *People v. Palmer*, 162 Ill. 2d 465, 476 (1994). Based on the facts of the instant case, the record does not reflect ineffective assistance of counsel but, rather, trial strategy in the context of defense counsel's choice to not litigate a motion to quash arrest and suppress evidence.

Defendant claimed that his attorney should have investigated the scene and provided photographs of the scene because there was insufficient lighting. However, Officer Pickett testified that there was artificial lighting from several sources which allowed him to observe defendant exchanging heroin for money. Defendant further claimed that his trial counsel did not adequately cross-examine Officer Pickett. Cross-examination is a matter of trial strategy which is entitled to substantial deference. *People v. Pecoraro*, 175 Ill. 2d 294, 326-27 (1997). A defendant is entitled to competent, not perfect, representation. *People v. Odle*, 151 Ill. 2d 168, 173 (1992). The record reflects that trial counsel did adequately cross-examine Officer Pickett about various inconsistencies between his preliminary hearing testimony and his direct testimony

7

at trial. Accordingly, we cannot conclude that defense counsel's representation was deficient or prejudiced defendant.

In the context of defendant's *pro se* motion alleging ineffective assistance of counsel, we reject defendant's claims as meritless. For the reasons previously discussed, these allegations do not satisfy the prejudice prong of *Strickland* (*Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052) in that they do not demonstrate that had the attorney provided the assistance requested, a different outcome would have resulted. Moreover, the record does not demonstrate a fundamentally unfair trial process. We are mindful that a trial court's resolution of a defendant's *pro se* motion claiming ineffective assistance of counsel can be harmless beyond a reasonable doubt where the trial record demonstrates the meritless nature of defendant's claims. *Moore*, 207 Ill. 2d at 80, citing *People v. Nitz*, 143 Ill. 2d at 135. Accordingly, in the instant case, if the trial court erred in resolving defendant's *pro se* motion alleging ineffective assistance of counsel, the error was harmless beyond a reasonable doubt because for the reasons previously discussed, the record reflects that defendant's claims were meritless.

## II. Extended Sentence

The trial judge imposed an extended sentence based on defendant's prior convictions pursuant to the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.2(b)(1) (2002)). Defendant argues that under *Shepard v. United States*, the trial court's use of a presentence investigation (PSI) report to determine the existence of a prior conviction is unconstitutional. *Shepard v. United States*, 544 U.S. 13, 161 L. Ed. 2d 205, 125 S. Ct. 1254 (2005). Defendant contends that *Shepard* calls into question the constitutionality of using a PSI to establish the fact

of a prior conviction and narrows the scope of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant requests this court to vacate his extended sentence and resentence him to 15 years, which is the maximum nonextended sentence for a Class 1 offender. In addressing this issue we apply the *de novo* standard of review. *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004) (the constitutionality of a statute is reviewed *de novo*).

Both the defense and State recognize in their briefs that this court has taken the principles articulated in *Shepard* into consideration and repeatedly upheld Class X sentencing under section 5-5-3(c)(8). *People v. Rivera*, 362 Ill. App. 3d 815 (2005); *People v. Ligon*, 365 Ill. App. 3d 109 (2006); *People v. Matthews*, 362 Ill. App. 3d 953 (2005); *People v. Yancy*, 368 Ill. App. 3d 381 (2005); *People v. Moore*, 365 Ill. App. 3d 53 (2006). However, the issue in the instant case is whether under *Shepard* the information provided by defendant's PSI can be used by the trial court to establish the existence of a prior conviction for purposes of imposing an extended-term sentence. We must determine whether reliance by a trial court on a PSI to make findings pursuant to section 5-5-3.2 (b)(1) of the Code violates a defendant's constitutional rights and the Supreme Court's holding in *Shepard*, 544 U.S. at 17, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257.

Pursuant to section 5-5-3.2(b)(1), a trial court may impose an extended sentence:

> "When a defendant is convicted of any felony, after having
> been previously convicted in Illinois or any other jurisdiction of the
> same or similar class felony or greater class felony, when such
> conviction has occurred within 10 years after the previous
> conviction, excluding time spent in custody, and such charges are

9

separately brought and tried and arise out of different series of

acts." 730 ILCS 5/5-5-3.2(b)(1) (West 2002).

In the instant case, the defendant had several felony convictions, including residential burglary, attempted armed robbery, aggravated battery, and possession of a controlled substance. Defendant's conviction in the instant case for possession with intent to deliver a controlled substance was a Class 1 felony with a sentencing range of 4 to 15 years imprisonment. 730 ILCS 5/5-8-1(a)(4) (West 2002). In imposing the 18-year extended term sentence, the trial judge relied on defendant's previous convictions for the same or similar class felony or greater class felony.

Based on *Shepard*, defendant challenges the constitutionality of the recidivism exception to *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. *Shepard* refined the exception to the rule announced in *Apprendi* by not allowing trial courts to rely on police reports to determine whether a prior conviction qualifies a defendant for an enhanced sentence. *Shepard*, 544 U.S. at 17, 161 L. Ed. 2d at 216-17, 125 S. Ct. at 1262.

The court in *Shepard* addressed whether the type of burglary for which Shepard was previously convicted qualified as a predicate offense under the Armed Career Criminal Act of 1984 (ACCA) (18 U.S.C. §924(e) (2000)). The government sought to increase Shepard's sentence under the ACCA, which mandates enhancement for felons who have three prior convictions for "violent felonies" or "drug offenses." Shepard's prior felonies were burglary convictions. The Supreme Court had held that only "generic burglary," meaning those burglaries

committed in a building or enclosed space, is a violent crime under the ACCA, unlike "non-generic burglary," which could be committed in an automobile or boat. See *Taylor v. United States*, 495 U.S. 575, 599, 109 L. Ed. 2d 607, 627-28, 110 S. Ct. 2143, 2158-59 (1990).

At issue in *Shepard* was how the crime underlying the prior conviction was committed and whether it satisfied the ACCA definition of a violent crime. This is a factual dispute. In *Shepard*, the Supreme Court agreed with the district court that inquiry under the ACCA to determine whether a prior conviction for burglary was "generic" or "non-generic" excluded police reports and was limited to the terms of the charging document, to the terms of the plea agreement, to the transcript confirming the factual basis for the plea, or to a comparable judicial record of this information. *Shepard*, 544 U.S. at 26, 161 L. Ed. 2d at 218, 125 S. Ct. at 1263. However, the Supreme Court in *Shepard* continued to reaffirm the prior conviction exception in *Apprendi*. *Shepard*, 544 U.S. at 24, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262.

In the instant case, unlike *Shepard*, there is no question as to how the prior felonies were committed; rather, the question is if and when the prior felonies were committed. *Shepard*'s holding applied to sentencing enhancement that required findings of fact related to the elements of an underlying crime that would make such crimes predicate offenses for the purposes of enhancing a sentence. *Shepard* did not consider whether facts such as if and when a felony was committed are related to the elements of the predicate prior convictions. We find that they are not.

A court relying on the "fact of a prior conviction" as a reason for imposing an extended sentence may do so without proof beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L.

Ed. 2d at 455, 120 S. Ct. at 2362. After *Shepard* the recidivism exception to the *Apprendi* rule is still viable. Recidivism is a traditional basis for imposing an enhanced sentence which does not implicate constitutional concerns because a defendant's previous conviction is obtained using procedures that satisfy due process.

We hold that reliance by the trial court on a PSI to establish the existence of a prior conviction for purposes of imposing an extended-term sentence under section 5-5-3.2(b)(1) does not violate defendant's constitutional rights or the Supreme Court ruling in *Shepard*. Consistent with *Apprendi* and *Shepard*, a judge can use appropriate judicial documents and records to enhance a sentence based on prior convictions. Accordingly, the PSI is an acceptable source for the trial judge to use when considering the defendant's prior criminal background. *See Rivera*, 362 Ill. App. 3d at 821 ("a presentence report, like the one in the instant case, is generally a reliable source for the purpose of inquiring into a defendant's criminal history"). For the reasons previously discussed, we refuse to vacate the defendant's extended sentence under section 5-5-3.2(b)(1) of the Code.

## III. Controlled Substance Assessment

Defendant contends he is entitled to a $5 per day sentence credit toward his $2,000 controlled substance assessment for his 453 days of incarceration prior to his conviction. Under section 411.2 of the Illinois Controlled Substances Act, defendant was assessed $2,000. 720 ILCS 570/411.2 (West 2004). Section 411.2(a) provides as follows:

> "(a) Every person convicted of a violation of this Act, and
>
> every person placed on probation, conditional discharge,

> supervision or probation under Section 410 of this Act, shall be
>
> assessed for each offense a sum fixed at:
>
> ***
>
> (2) $2,000 for a Class 1 felony[.]" 720 ILCS
>
> 570/411.2(a) (West 2004).

In *People v. Jones*, 223 Ill. 2d 569, 592 (2006), the Illinois Supreme Court held that presentencing custody credit applies to the controlled substance assessment (720 ILCS 570/411.2(a)(4) (West 2004)). *Jones*, 223 Ill. 2d at 592. Accordingly, in the instant case, defendant's $2,000 drug assessment can be offset with the presentence credit that defendant is allowed under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2004)). A credit of $5 per day for 453 days equals $2,265, which exceeds the amount of the original $2,000 drug assessment. Thus, defendant's drug assessment should be modified to reflect a $2,265 credit toward the original $2,000 drug assessment, thereby negating the drug assessment in its entirety.

## IV. Spinal Cord Research Fund

Defendant contends that the trial court's assessment of a $5 fee for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund (Spinal Cord Fund) is a violation of his due process rights. Defendant alleges that this assessment is unconstitutional because there is no rational relationship between his offense and the public interest in funding spinal cord research. The Spinal Cord Fund assessment is set out in section 5-9-1.1 of the Unified Code of Corrections and states, in relevant part, as follows:

"(a) When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance, other than methamphetamine, as defined in the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

* * *

(c) In addition to any penalty imposed under subsection (a) of this Section, a fee of $5 shall be assessed by the court, the proceeds of which shall be collected by the Circuit Clerk and remitted to the State Treasurer under Section 27.6 of the Clerks of Courts Act for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund.  This additional fee of $5 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing."  730 ILCS 5/5-9-1.1(a),(c) (West Supp. 2005).

The Illinois Supreme Court in *Jones* overruled previous judgments of the appellate court which held that the statutory provision imposing a fee earmarked for the Spinal Cord Fund (730 ILCS 5/5-9-1.1(c) (West 2004)) was unconstitutional. *Jones*, 223 Ill. 2d at 605-06.  In

*Jones* the court determined that the $5 charge is reasonably related to the defendant's crime and therefore is constitutional. *Jones*, 223 Ill. 2d at 605. This $5 charge may properly be viewed as a criminal penalty, and "it is well established that the legislature has broad authority to determine the nature and extent of criminal penalties." *Jones*, 223 Ill. 2d at 602.

In the instant case, the defendant is not challenging the charge as being a penalty that oversteps the bounds of what is permitted by relevant constitutional limitations. *People ex rel. Carey v. Bentivenga*, 83 Ill. 2d 537, 542 (1981). Rather, defendant contends that the charge violates his due process rights because there is no relationship between the Spinal Cord Fund and the crime he committed or the damage that results from his criminal activity. As to the constitutionality of the $5 fine, the court in *Jones* concluded that the "fact that the proceeds of that fine are earmarked for a specific purpose is irrelevant to its constitutionality." *Jones*, 223 Ill. 2d at 605. The court in *Jones* noted as follows:

> "There can be no serious argument that a $5 fine is so disproportionate to the offense of possession of a controlled substance as to violate defendant's substantive due process rights, and defendant does not so argue. Rather, he argues that it violates his due process rights that this portion of his fine is designated specifically for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund. We reject this argument." *Jones*, 223 Ill. 2d at 602.

The Illinois Supreme Court in *Jones* determined that this $5 charge, although labeled as a "fee," is in fact a constitutional fine and may be used to penalize a defendant. *Jones*, 223 Ill. 2d at 600-01. Accordingly, we reject defendant's argument that the statutory provision requiring individuals convicted of drug possession or delivery offenses to pay a $5 fee to the Spinal Cord Fund violated his right to due process and affirm the $5 fine for the Spinal Cord Fund.

V. Violent Crime Victims Assistance Fund

Defendant correctly contends that $20 for the Violent Crime Victims Assistance Fund was erroneously assessed to him. Defendant claims that this penalty may only be applied where "no other fine is imposed." Section 10(c)(2) of the Violent Crime Victims Assessment Fund Act provides:

> "(c) When any person is convicted in Illinois on or after August 28, 1986, of an offense listed below, or placed on supervision for such an offense on or after September 18, 1986, and no other fine is imposed, the following penalty shall be collected by the Circuit Court Clerk:
>
> ***
>
> (2) $20, for any other felony or misdemeanor, excluding any conservation offense." 725 ILCS 240/10(c)(2) (West 2004).

Defendant is correct that the penalty may only be applied where there are no other fines

being imposed. As previously noted, the Illinois Supreme Court in *Jones* recognized the Spinal Cord Fee as a fine. *Jones*, 223 Ill. 2d at 601. Accordingly, the trial court acted improperly when it imposed a $20 Violent Crime Victims Assistance Fund penalty in this case. We strike the penalty from the order.

## VI. Mittimus

Defendant, relying on *People v. Brown*, 255 Ill. App. 3d 425, 438-39 (1993), argues that his mittimus incorrectly reflects his conviction. The mittimus in the instant case is inconsistent with the trial court's findings. Defendant's mittimus should reflect a conviction for possession with intent to deliver a controlled substance, to wit: heroin.

## VII. CONCLUSION

The trial court correctly resolved defendant's *pro se* claim of ineffective assistance of counsel and properly imposed an extended sentence on the defendant. Presentencing custody credit applies to the $2,000 controlled substances assessment. The $5 fine for the Spinal Cord Injury Paralysis Cure Research Trust is constitutional and was correctly imposed by the trial court. The $20 penalty for the Violent Crime Victims Assistance Fund was erroneously assessed as such penalty may only be applied when there are no other fines imposed. The mittimus was incorrect.

Defendant's conviction is affirmed, as is the $5 charge to defendant for the Spinal Cord Fund. We strike the $20 for the Violent Crime Victims Assistance Fund. We order the fees and costs order to be modified to reflect a credit of $2,265 toward defendant's $2,000 drug assessment, thereby negating the drug assessment in its entirety. Defendant's mittimus and

1-05-1050

sentencing order shall be modified to reflect defendant's conviction for possession with intent to deliver a controlled substance, to wit: heroin. We affirm the judgment of the circuit court of Cook County in all other respects.

Affirmed as modified.

O'BRIEN, P.J., and TULLY, J., concur.