# Illinois Official Reports

## Appellate Court

---

**People v. Andrews, 2013 IL App (1st) 121623**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLEO ANDREWS, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-1623 |
| Filed | December 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In imposing a sentence of 10 years on defendant for aggravated battery of a handicapped person, the trial court did not reconsider the victim's disability as an aggravating factor when it merely mentioned his condition during sentencing, the sentence was not excessive, and no evidence supported defendant's claim that the sentence was punishment for rejecting an offer of a sentence of 9 years in return for pleading guilty to a Class X offense of home invasion; however, defendant's mittimus was corrected to reflect a conviction for aggravated battery of a handicapped person, not a pregnant/ handicapped person. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-13275; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Affirmed; mittimus corrected. |

| Counsel on | Michael J. Pelletier, Alan D. Goldberg, and Carson R. Griffis, all of |
| Appeal | State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Matthew Connors, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| | Justices Hoffman and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1      Following a jury trial in the circuit court of Cook County, defendant Cleo Andrews was found guilty of aggravated battery and sentenced to the maximum extended term of 10 years' imprisonment. On direct appeal, the defendant argues that: (1) the court improperly considered the victim's disability as an aggravating factor in sentencing when that disability was an element of the offense; (2) his sentence is excessive in light of the mitigating factors he presented; and (3) this court should amend his mittimus to properly reflect the crime of which he was convicted. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3      On or around August 19, 2011, the defendant was charged with home invasion and the aggravated battery of Corey Williams, who is paralyzed from the waist down and confined to a wheelchair. On April 3, 2012, the defendant's jury trial commenced in the circuit court of Cook County. At trial, Williams testified that the defendant was a friend who would occasionally drink with him at his home. Williams stated that shortly after midnight on August 5, 2011, he came out of his bedroom and saw the defendant looking through his refrigerator, appearing to be "stumbling drunk." The defendant did not have an "open invitation" and he was not invited over on the night in question. Williams yelled at the defendant and told him to leave. Williams testified that the defendant then hit him on the right side of the face, the force of which knocked him off his wheelchair. The defendant then hit him four or five more times as he was lying on the ground. Williams stated that he went to the bathroom to clean up his face and observed that he was "bleeding bad; bleeding from [his] nose, bleeding from [his] mouth, and [his] eye was swelling up on [him]." When he came out of the bathroom, he saw the defendant asleep on the couch. Williams stated that he then left his residence, called the police,

and waited outside for the police to arrive. He testified that he did not go to the hospital for his injuries because he was too upset and wanted to go back inside the house and sleep.

¶ 4 Officer Faith Reeves (Officer Reeves) testified that she responded to the call and was waved down by Williams, who was waiting outside. She observed that Williams was upset and crying, and that his right eye was swollen. After speaking to Williams, Officer Reeves and her partner entered the residence and saw the defendant sleeping in the front room. As they attempted to wake him, Officer Reeves observed that the defendant smelled of alcohol and was "sluggish and slow to respond."

¶ 5 The defendant testified that he and Williams were "good drinking buddies" and that he would often spend the night at Williams's house after drinking too much. On the night of the incident, he telephoned Williams to tell Williams that he was coming over, and Williams raised no objection. Later, while he and Williams were drinking on the front porch, they began to argue. During that argument, the defendant made fun of Williams's disability and Williams became upset. At some point thereafter, the defendant told Williams that he "was going to need" to spend the night at Williams's house since he had had too much to drink. Williams told the defendant there was "no way he was going to allow [the defendant] to spend the night" after making fun of him. Williams then went to the bathroom, and the defendant "passed out" on the couch. The next thing the defendant remembered was being awakened by police. The defendant testified that he never hit Williams. Also, the defendant stated that he was never specifically asked to leave and it was not clear to him that Williams did not want him to spend the night.

¶ 6 In rebuttal, the State called Detective DeWilda Gordon (Detective Gordon), who testified that he interviewed the defendant following the incident. Detective Gordon stated that the defendant admitted that he hit Williams in the face once, but denied having "beat him up." Detective Gordon also testified that he spoke to Williams prior to his interview with the defendant and observed that Williams's face and lip were bruised.

¶ 7 After the close of evidence and closing argument, the jury returned a verdict finding the defendant not guilty of home invasion, but guilty of aggravated battery. On April 30, 2012, the trial court held the defendant's sentencing hearing. The State argued in aggravation that the facts of the case and the defendant's long history of criminal activity made it appropriate for the court to sentence the defendant to the maximum extended-term sentence of 10 years' imprisonment. Defense counsel contended that the defendant's criminal history and the offense at issue were caused by the defendant's long history of substance abuse problems. In allocution, the defendant apologized for "any trouble that I've caused my friend and also for bringing any kind of problem into your courtroom." He then stated that this case revolved "around alcohol, and I just would ask if you could give me a chance, your Honor, with some help with alcohol classes."

¶ 8 The court noted that the defendant was extended-term eligible based on a prior conviction within the last 10 years for robbery of a senior citizen. The trial court then sentenced the defendant to the maximum of 10 years' imprisonment, which it explicitly found was appropriate in this case. In announcing its decision, the court stated that it considered the presentence investigation report (PSI), the defendant's statement, the arguments of counsel,

and the circumstances and serious nature of the crime. The court also cited the defendant's past criminal record, which it observed was among the top "four or five" worst records it had ever seen. In reviewing that criminal history, the court observed that the defendant's previous conviction of robbery of a senior citizen, and his current conviction of aggravated battery of a physically handicapped person, revealed his propensity for "picking on" vulnerable victims.

¶ 9      On May 8, 2012, the defendant filed a motion to reconsider his sentence, which the trial court denied. On that same day, the defendant filed a timely notice of appeal. Therefore, this court has jurisdiction to consider the defendant's appeal pursuant to Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013).

¶ 10                            ANALYSIS

¶ 11      We determine the following issues on appeal: (1) whether the court improperly considered the victim's disability as an aggravating factor in sentencing when that disability was an element of the offense; (2) whether the defendant's sentence is excessive in light of the mitigating factors presented by the defendant; and (3) whether this court should amend the defendant's mittimus to properly reflect the crime of which he was convicted.

¶ 12      We first determine whether the court improperly considered the victim's disability as an aggravating factor in sentencing when that disability was an element of the offense.

¶ 13      The defendant argues that the trial court improperly reconsidered Williams's handicap in determining his sentence. In support of his argument, the defendant highlights the following comments made by the court in discussing his criminal history, including a conviction for robbery of a senior citizen:

> "In this case, it's the same circumstance except it wasn't a robbery, it was an aggravated battery of a person who is handicapped, a guy paralyzed from the waist down. You're picking on people who cannot really protect themselves much. *** Mr. Andrews, you have to learn you cannot do things to people that are not able to protect themselves much. In 2006, [you were convicted of] a robbery of a handicapped person, a senior citizen at least, [and] in this case [you were convicted of] an aggravated battery of a handicapped person, a guy in a wheelchair paralyzed from the waist down. If you have a beef with a guy, there's better ways to resolve it than the way you resolved this case, especially based upon your prior history. You can't use force to accomplish crimes, especially with older or vulnerable [people] like in this case, the victim, who you knew for years before or were certainly well aware he was handicapped."

In response, the State contends that the court did not reconsider the victim's handicap as an aggravating factor and properly considered all of the aggravating and mitigating factors in fashioning the defendant's sentence.

¶ 14      The imposition of sentence is a matter of judicial discretion, and the trial court's sentencing decision is entitled to great deference and weight. *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). Where, as here, a sentence falls within the statutory range for the offense of which the defendant was convicted, a reviewing court may not modify that sentence absent an abuse of discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995). This standard recognizes the trial

court's superior position to determine the appropriate sentence based on its personal observation of the defendant and the proceedings. *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010). The trial court has the opportunity to weigh the relevant sentencing factors, including the defendant's credibility, demeanor, moral character, mentality, social environment, habits and age. *Id.* at 213. Therefore, we review the defendant's sentence under the abuse of discretion standard.

¶ 15 The supreme court has clearly stated that a factor inherent in an offense should not also be used as an aggravating factor at sentencing. *People v. Conover*, 84 Ill. 2d 400, 404 (1981). However, the supreme court has also recognized that the proper penalty must be based upon the particular circumstances of each case, including the nature and extent of each element of the offense committed by the defendant. *People v. Saldivar*, 113 Ill. 2d 256, 268-69 (1986). Thus, in announcing its sentencing decision, the trial court is not required to refrain from any mention of the factors which constitute elements of an offense, and the mere reference to the existence of such a factor is not reversible error. *People v. Jones*, 299 Ill. App. 3d 739, 746 (1998). In turn, a reviewing court determining whether a sentence is properly imposed should not focus on a few words or sentences of the trial court, but should consider the record as a whole. *People v. Estrella*, 170 Ill. App. 3d 292, 297-98 (1988).

¶ 16 Applying these principles here, we find it clear that the court did not reconsider Williams's disability as an aggravating factor when it referred to his condition. Rather, the court was commenting on proper factors, including the nature and extent of the offense committed by the defendant, his criminal history, and his propensity to prey on vulnerable victims. See *Perruquet*, 68 Ill. 2d at 154-56. Therefore, we find that the trial court did not improperly rely on a factor inherent in the offense when it made its sentencing decision.

¶ 17 We next determine whether the defendant's sentence is excessive in light of the mitigating factors presented by the defendant.

¶ 18 The defendant contends that his sentence was excessive in light of certain mitigating factors, namely, his "difficult upbringing, substance abuse problems, and expressions of remorse." We note however, that these same factors were presented to the trial court, and it is not our prerogative to rebalance those factors and independently conclude that the sentence imposed by the court is excessive. *People v. Burke*, 164 Ill. App. 3d 889, 902 (1987). Moreover, "where mitigation evidence is before the court, it is presumed the court considered that evidence absent some contrary indication other than the sentence imposed." *People v. Smith*, 214 Ill. App. 3d 327, 339 (1991) (citing *People v. Willis*, 210 Ill. App. 3d 379 (1991)). Here, the transcript of the sentencing hearing clearly shows that the court specifically considered the PSI, which disclosed the defendant's personal circumstances, and considered the defendant's statement and arguments of counsel. The court then determined that the maximum extended-term sentence was appropriate. Under these circumstances, we find no abuse of discretion in the sentence imposed and, thus, have no basis to disturb it. *People v. Almo*, 108 Ill. 2d 54, 70 (1985).

¶ 19 The defendant also points out that he was offered a plea deal prior to trial for nine years' imprisonment in exchange for a guilty plea on the home invasion charge, a Class X offense. He alleges that this deal "demonstrates the excessively harsh punishment" given by the trial court

when it sentenced him to 10 years' imprisonment for a lower, Class 3 offense. Accordingly, he claims that he "should not be punished more harshly for rejecting a plea offer and exercising his right to go to trial." However, the mere fact that the defendant is given a greater sentence than was discussed at a pretrial conference, or offered in a plea deal, does not support an inference that the sentence was imposed as a punishment for demanding trial. *People v. Jackson*, 89 Ill. App. 3d 461, 481 (1980). Aside from his general contention that he should not be punished for proceeding to trial, the defendant has presented no evidence to support his argument. We find no such evidence in the record, and reject his assertions.

¶ 20    Lastly, we determine whether this court should amend the defendant's mittimus to properly reflect the crime of which he was convicted.

¶ 21    The defendant argues, the State concedes, and we agree that the defendant's mittimus should be amended to accurately reflect the offense for which he was convicted. The defendant's mittimus provides that he was found guilty of "AGGBTRY/PREGNANT/ HANDICAPPED." However, the defendant was charged and convicted of aggravated battery against a handicapped person, not a pregnant person. Therefore, the "PREGNANT" portion of his mittimus should be amended. Pursuant to Illinois Supreme Court Rule 615(b)(1), we direct the clerk of the circuit court to amend the mittimus by omitting the reference to "PREGNANT" in order to accurately reflect the offense of which the defendant was convicted. See *People v. Blakney*, 375 Ill. App. 3d 554, 560 (2007).

¶ 22    For the foregoing reasons, we order that the defendant's mittimus be corrected, and we affirm the judgment of the circuit court of Cook County in all other respects.

¶ 23    Affirmed; mittimus corrected.