**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240579-U

Order filed September 5, 2025
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0579 Circuit No. 24-CF-227 |
| HERACHEAL G. COOPWOOD, | ) ) ) | Honorable Arkadiusz Z. Smigielski, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.
_____

**ORDER**

¶ 1     *Held*:  (1) Separate convictions for aggravated domestic battery and domestic battery violated the one-act, one-crime doctrine. (2) The court did not err in imposing extended-term sentences. (3) Any discussion of improper factors when sentencing defendant did not amount to clear or obvious error.

¶ 2     Defendant, Heracheal G. Coopwood, appeals from his convictions for aggravated domestic battery and domestic battery. Defendant argues (1) one domestic battery conviction should be vacated under the one-act, one-crime doctrine, (2) the extended-term sentences imposed were improper because they violated section 111-3(c-5) of the Code of Criminal Procedure of 1963

(Code) (725 ILCS 5/111-3(c-5) (West 2024)) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (3) the court considered improper factors when sentencing defendant. We affirm in part and vacate in part.

¶ 3                                                  I. BACKGROUND

¶ 4         After a bench trial in June 2024, defendant was convicted of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2024)) and two counts of domestic battery (*id.* § 12-3.2(a)(2)). The evidence established defendant grabbed Brenda Tillman, a family or household member, about the neck and strangled her on February 2, 2024. Further, defendant struck Tillman about the head on January 30, 2024. After, defendant smoked a cigarette and acted "[a]s if nothing had happened." Tillman testified as to two uncharged incidents which occurred on December 25, 2023, and January 1, 2024, during which defendant accused Tillman of cheating on him before striking her and then acted as if "nothing happened." The court admitted certified statements of defendant's convictions in Will County case Nos. 14-CF-1141 and 15-CF-2153. The court found defendant guilty of all three counts.

¶ 5         A sentencing hearing was held on August 1, 2024. The presentence investigation report (PSI) stated that defendant was convicted of aggravated domestic battery in case No. 14-CF-1141 and aggravated domestic battery and several other counts in case No. 15-CF-2153. The cases had separate disposition dates in February 2016. Defendant was discharged from mandatory supervised release (MSR) on January 3, 2024. Neither party presented evidence or changes to the PSI. The State discussed defendant's criminal history, including that defendant had multiple domestic violence convictions, noting defendant had a "recent history of resorting to violence, specifically strangulation in multiple previous cases" and defendant was a "dangerous man" who "resort[ed] to unprovoked acts of violence." The State indicated that Tillman decided not to give a statement

2

as she was "not ready." The State said, "She is going to therapy. She's trying to work through this and she's still unable to fully give that statement." The State asked for a sentence of 10 years' imprisonment.

¶ 6        Defense counsel asked that the court sentence defendant to probation, noting that it was not a prolonged attack. In defendant's statement of allocution, he stated that he was sorry and he "wasn't trying to hurt her." Discussing his previous convictions, defendant stated, "I already did five years for this. I just got out. I was only out for like, what, four years. I have learned my lesson. I am not that type of person no more."

¶ 7        In response, the State stated that, "even though [defendant] says that he is not this type of person, he has shown time and time again that he is, in fact, that person." The State noted that defendant continued to have disciplinary issues in jail. The State argued that defendant had a pattern of beating and strangling his girlfriends, noting that defendant committed a domestic battery in 2015 while he was on probation for a domestic battery he committed in 2014. The court took the matter under advisement.

¶ 8        On August 21, 2024, the court sentenced defendant to 10 years' imprisonment for aggravated domestic battery and 5 years' imprisonment for each count of domestic battery. The court indicated that it considered all the evidence before it. It did not find any statutory factors in mitigation present. The court stated,

> "So through the statutory factors in aggravation, I find that this defendant's conduct caused or threatened serious harm; that the defendant has a history of prior delinquency of criminal activity. Kind of a catchall, but the sentence is necessary to deter others from committing a crime.

The defendant was convicted of a felony in this case while he was on—the statute reads pretrial release pending trial but specifically what is here is he was on [MSR] for a prior felony offense."

A large portion of the court's sentencing pronouncement was spent discussing defendant's criminal history, including noting that he was extended-term eligible based on his 2015 Class 2 felony conviction. The court stated,

"The defendant's criminal history includes aggravated domestic battery for strangulation, unlawful restraint and four counts of domestic battery in that 2015 case, perhaps even six counts, excuse me, aggravated battery in 14 CF 1141.

Defendant's criminal history also includes a litany of misdemeanor convictions dating back as far as 2015 with ordinance violations, but more importantly, there is an '11 resisting a peace officer, a 2010 for possession of a firearm.

The defendant will be sentenced based upon those factors and others taking all of that into account."

Defendant filed a motion to reconsider sentences, arguing the sentences were excessive given the mitigating evidence that had been presented. The court denied the motion on September 24, 2024. In denying the motion to reconsider sentences, the court emphasized that defendant posed a significant risk to the public and women specifically. Defendant appealed.

¶ 9                                   II. ANALYSIS

¶ 10        On appeal, defendant argues (1) one domestic battery conviction should be vacated under the one-act, one-crime doctrine, (2) the extended-term sentences imposed by the court violated

4

section 111-3(c-5) of the Code and *Apprendi*, and (3) the court considered improper factors during sentencing. We consider each issue raised by defendant in turn.

¶ 11                                    A. One-Act, One-Crime

¶ 12        Defendant first argues that his domestic battery conviction related to his February 2, 2024, conduct should be vacated based on the one-act, one-crime doctrine. The State confesses error. Under the one-act, one-crime doctrine, it is improper for a defendant to be convicted of two or more offenses if the offenses "are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. To determine if there is a violation of the one-act, one-crime doctrine, courts must determine if the "defendant's conduct consisted of a single physical act or separate acts." *Id.* ¶ 12. An act is "any overt or outward manifestation which will support a different offense." (Internal quotation marks omitted.) *Id.* ¶ 15.

¶ 13        Here, one of defendant's convictions for domestic battery was for the same conduct as his aggravated domestic battery conviction, grabbing Tillman by the neck and strangling her by applying pressure. Even if defendant's conduct could support two separate convictions in theory, the State made no attempt in the charging instrument or at trial to differentiate the conduct underlying the two convictions, precluding the State from attempting to do so now. See *People v. Crespo*, 203 Ill. 2d 335, 345 (2001). While defendant did not raise this issue in the circuit court, it is reviewable under the second prong of the plain error doctrine. *Coats*, 2018 IL 121926, ¶ 10. We therefore accept the State's confession of error and vacate defendant's conviction for domestic battery stemming from his February 2, 2024, conduct.

¶ 14                                    B. Extended-Term Sentences

¶ 15        Defendant next argues the court imposed extended-term sentences in violation of *Apprendi* and section 111-3(c-5) of the Code. Defendant failed to preserve this issue by raising it in his

5

motion to reconsider sentence. Nonetheless, he seeks to bypass this forfeiture by arguing that counsel was ineffective for failing to raise the issue in the circuit court.

¶ 16        Illinois courts review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Wise*, 2019 IL App (2d) 160611, ¶ 51. Under *Strickland*, counsel renders ineffective assistance when (1) counsel's performance falls below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the results of the proceedings would have had a different outcome. *Strickland*, 466 U.S. at 687-88. "The failure to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 377 (2000). "A defendant bears the burden of proof on both elements of this test ***." *People v. Burks*, 343 Ill. App. 3d 765, 775 (2003). We review claims of ineffective assistance of counsel *de novo* if they were not raised in the circuit court. *People v. Lofton*, 2015 IL App (2d) 130135, ¶ 24. As with the plain error doctrine, there can be no ineffective assistance of counsel if there is no error. *People v. Jones*, 2020 IL App (4th) 190909, ¶ 179.

¶ 17        The court imposed the extended-term sentences pursuant to section 5-5-3.2(b)(1) of the Unified Code of Corrections (Unified Code), which permits the imposition of an extended-term sentence when the defendant has been convicted of a felony in any jurisdiction within the past 10 years if the prior conviction is for "the same or similar class felony or greater class felony." 730 ILCS 5/5-5-3.2(b)(1) (West 2024). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Likewise, the Illinois legislature amended section 111-3(c-5) of the Code to conform with *Apprendi*, "expressly incorporating the prior-conviction exception as well as the due process protections

afforded to defendants when an extended-term sentence is sought." *People v. Jones*, 2016 IL 119391, ¶ 14. "[F]acts intrinsic to the conviction[,]" including defendant's age and the dates of the commission and sequence of convictions need not be proven beyond a reasonable doubt to the jury. *People v. Yancy*, 368 Ill. App. 3d 381, 393 (2005).

¶ 18    Here, the imposition of the extended-term sentences was proper. The court used the PSI in finding that defendant was previously convicted of a Class 2 felony in 2015, which would subject him to extended-term sentences as aggravated domestic battery was also a Class 2 felony, and he was convicted within the previous 10 years. The court made no inquiry into the "manner in which the defendant committed that offense." *Mathis v. United States*, 579 U.S. 500, 511 (2016). Instead, the court properly relied "on a PSI to establish the existence of a prior conviction for purposes of imposing an extended-term sentence under section 5-5-3.2(b)(1) [of the Unified Code]." *People v. Johnson*, 372 Ill. App. 3d 772, 781 (2007); see *People v. Douglas*, 328 Ill. App. 3d 978, 980 (2002). There was no fact for the fact finder to resolve. The sentences also did not violate section 111-3(c-5) of the Code because the indictment was not required to allege the specific facts of the prior conviction. *People v. Lathon*, 317 Ill. App. 3d 573, 588 (2000); see *Jones*, 2016 IL 119391, ¶ 33. As there was no such error, counsel was not ineffective for failing to raise the issue below. *Jones*, 2020 IL App (4th) 190909, ¶ 179.

¶ 19    In reaching this conclusion, we reject defendant's reliance on the United States Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). In *Erlinger*, the Court was concerned with the "factual finding that [defendant's] offenses occurred on at least three separate occasions." *Id.* at 835. *Erlinger* did not change or narrow the *Apprendi* exception. See *id.* at 834-35. *Erlinger* only reiterated that a sentencing court may not determine "what the defendant... actually d[id], or the means or manner in which he committed his [prior] offense in order to

7

increase the punishment to which he might be exposed." (Internal quotation marks omitted.) *Id.* at 839-40. Since *Erlinger*, several courts have rejected defendant's argument that the date of a prior conviction must be submitted to the jury. *Denson v. State*, 401 So. 3d 633, 633-34 (Fla. Dist. Ct. App. 2025) (*per curiam*); *People v. Jackson*, 225 N.Y.S.3d 903, 910 (N.Y. Sup. Ct. 2025); *State v. Calvert*, 564 P.3d 814, 819-20 (Kan. Ct. App. 2025).

¶ 20　　　　Additionally, even assuming there was a factual issue the State was required to prove at trial, "[t]here is no prejudice *** from an alleged *Apprendi* violation if undisputed evidence shows that the State could have proven the sentence-enhancing facts beyond a reasonable doubt." *People v. Gully*, 2020 IL App (1st) 180275, ¶ 22. Here, at the bench trial, the State presented certified copies of defendant's prior convictions. This clear and unrebutted evidence proved beyond a reasonable doubt defendant was previously convicted of the same class of felony within 10 years of the subject convictions. Any alleged error therefore did not prejudice defendant.

¶ 21　　　　　　　　　　　　　　　C. Improper Factors

¶ 22　　　　Defendant next argues the court considered two improper aggravating factors during sentencing. Defendant failed to raise this issue in the circuit court but urges us to review it under both prongs of the plain error doctrine. In the alternative, defendant argues that counsel was ineffective for failing to object to this error. "[T]he plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). The first step in addressing either plain error or ineffective assistance is determining whether a clear or obvious error occurred. *People v. Gilker*, 2023 IL App (4th) 220914, ¶ 78. "Absent a clear or obvious error

8

\*\*\*, neither the doctrine of plain error nor a theory of ineffective assistance affords any relief from the forfeiture." *Jones*, 2020 IL App (4th) 190909, ¶ 179.

¶ 23  Defendant first argues the court improperly considered his conduct caused or threatened serious harm, which was a factor inherent in the offense. "Generally, a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). "This rule is not meant to apply rigidly because public policy dictates that a sentence be varied in accordance with the circumstances of the offense." *People v. Sanders*, 2016 IL App (3d) 130511, ¶ 13. The court is not obligated to refrain from any mention of factors which constitute elements of the offense and a mere reference to such factors does not require reversal. *People v. Andrews*, 2013 IL App (1st) 121623, ¶ 15. "In determining whether the trial court based the sentence on proper aggravating and mitigating factors, a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Larson*, 2022 IL App (3d) 190482, ¶ 29. "[T]here is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and thus we review the trial court's sentencing decision with deference." *People v. Dowding*, 388 Ill. App. 3d 936, 942-43 (2009). Further, reversal is not required where we can determine from the record that the weight placed upon an improper factor was so insignificant it did not lead to a greater sentence. *People v. Burge*, 254 Ill. App. 3d 85, 91 (1993).

¶ 24  Section 5-5-3.2(a) of the Unified Code lists factors in aggravation, which "shall be accorded weight in favor of imposing a term of imprisonment or may be considered by the court as reasons to impose a more severe sentence under Section 5-8-1." 730 ILCS 5/5-5-3.2(a) (West 2024). The first factor in aggravation is that "the defendant's conduct caused or threatened serious

harm." *Id.* § 5-5-3.2(a)(1). Causing or threatening serious harm is a factor inherent in the offense of aggravated domestic battery. *People v. Bustos*, 2020 IL App (2d) 170497, ¶ 119.

¶ 25    Here, while discussing the relevant factors in aggravation, the court stated that defendant caused or threatened serious harm. However, this passing reference does not amount to clear or obvious error. The circumstances of these offenses go beyond just the physical injuries sustained by Tillman. Defendant repeatedly battered Tillman during their relationship without warning or provocation. After each incident, defendant would act "[a]s if nothing had happened." Defendant's explosive and unprovoked conduct caused Tillman serious psychological harm to the point she was unable to provide a statement at the sentencing hearing and was undergoing therapy. The court was permitted to consider the specifics of defendant's explosive and unprovoked conduct. Additionally, the court was permitted to consider the extent of the psychological harm Tillman suffered, which was not inherent in the offense. See *People v. Reber*, 2019 IL App (5th) 150439, ¶ 94. Accordingly, we determine that the court's consideration of this factor was not improper.

¶ 26    Moreover, the record reveals that any weight placed thereupon was so insignificant it did not result in a greater sentence. The court's sentence was largely premised upon defendant's threat to society and women and defendant's extensive and relevant criminal history. It mentioned this factor once in passing and did not afford it any great weight. See *People v. Reed*, 376 Ill. App. 3d 121, 128 (2007).

¶ 27    Defendant next argues the court improperly considered that he was on MSR at the time of the offenses, which was unsupported by the evidence. Where a court's exercise of discretion is based upon a misconception or fact unsupported by the record, the exercise of discretion is not proper. *People v. Johnson*, 227 Ill. App. 3d 800, 817 (1992). However, reversal is not warranted where the misconception did not result in a greater sentence. *People v. Yankaway*, 2025 IL 130207,

10

¶ 115 (no clear or obvious error where the defendant failed to demonstrate that his sentence would be lower but for the court's error); *People v. Ross*, 303 Ill. App. 3d 966, 984 (1999).

¶ 28 Here, the court incorrectly indicated defendant was on MSR when he committed the instant offenses. The court made a brief comment that defendant was on MSR when reciting the relevant factors in aggravation. However, despite this statement, we do not believe a clear or obvious error occurred because defendant has failed to establish it resulted in a greater sentence. See *People v. Smith*, 2023 IL App (1st) 192187-U, ¶ 47. The misconception that defendant was on MSR at the time of the subject offenses was not far from the truth—defendant was released from MSR less than a month before the charged conduct and there was testimony of other acts of domestic battery defendant committed while he was on MSR. Further, the court's sentencing decision was largely based upon defendant's extensive criminal history and the threat defendant posed to society and women, not whether defendant was on MSR. There is no reason to believe the court's decision was impacted by the factual misconception based upon the single passing comment. See *People v. Schutz*, 201 Ill. App. 3d 154, 162 (1990). Because defendant has failed to establish clear or obvious error, "neither the doctrine of plain error nor a theory of ineffective assistance affords any relief from the forfeiture." *Jones*, 2020 IL App (4th) 190909, ¶ 179.

¶ 29                                III. CONCLUSION

¶ 30 The judgment of the circuit court of Will County is affirmed in part and vacated in part.

¶ 31 Affirmed in part and vacated in part.