# Illinois Official Reports

## Appellate Court

---

### *People v. Sanders*, 2016 IL App (3d) 130511

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOMINICK M. SANDERS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0511 |
| Filed<br>Rehearing denied | June 13, 2016<br>July 27, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 10-CF-500; the Hon. Kevin Lyons, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Vicki P. Kouros, both of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court with opinion.<br>Presiding Justice O'Brien and Justice Carter concurred in the judgment and opinion. |

¶ 1 A jury found the defendant, Dominick M. Sanders, guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2010)), aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2010)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2010)), aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2010)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)). After a hearing, the trial court sentenced the defendant to 45 years' imprisonment for first degree murder, plus a 25-year firearm enhancement, and a consecutive term of 25 years' imprisonment for aggravated battery with a firearm. The court also sentenced the defendant to concurrent terms of 10 years' imprisonment for aggravated discharge of a firearm and 7 years' imprisonment for aggravated unlawful use of a weapon.[1] No sentence was entered on the unlawful possession of a weapon by a felon count.

¶ 2 On appeal, the defendant argues that (1) the trial court erred when it considered a factor inherent in the offense during sentencing, overemphasized the defendant's nonviolent criminal history, and failed to consider the defendant's relative youth during sentencing; and (2) his DNA fee must be vacated because his DNA was previously registered, and his cost assessments are subject to multiple errors.

¶ 3 FACTS

¶ 4 The evidence at the defendant's jury trial showed that Nick Renfro and his brother, Davon, got into an argument with Willie Wilson and a second individual named "Willard" or "Willis." The argument escalated into a physical altercation. After the fight, Nick and Davon's mother, Joyce Renfro, got into an argument with a woman named "Patrice," who was the mother of Wilson's child. Patrice summoned the defendant, who came out of a nearby apartment. The defendant was dressed in black and started shooting an automatic firearm. Nick pushed Joyce into her apartment, and Joyce received a gunshot wound to the leg. Nick was shot in the back and died on the way to the hospital. A forensic pathologist testified that Nick had received several gunshot wounds, the most significant of which was one to the back of the upper right shoulder. The fragments of the round struck Nick's right lung, aorta, and esophagus and caused massive bleeding.

¶ 5 The jury found the defendant guilty of all of the charges and that the defendant had personally discharged a firearm that proximately caused the death of another person. Thereafter, the cause proceeded to a sentencing hearing.

¶ 6 After the parties presented their arguments on the sentencing alternatives, the trial court considered the factors in aggravation and mitigation. In aggravation the trial court stated:

"[A]mong other things, the defendant's conduct did cause or threaten serious harm. It may be inherent in the actual fact that he committed a murder, but it did occur, and that the defendant has a history of prior delinquency of criminal activity. And that the sentence is necessary to deter others from committing the same crime, and that the defendant was convicted of a felony while he was serving a period of probation."

---

[1]On appeal, the defendant does not challenge his sentences for aggravated discharge of a firearm and aggravated unlawful use of a weapon.

In mitigation, the court said that it had "a hard time to find anything." The court sentenced the defendant to 45 years' imprisonment for first degree murder, plus an additional 25-year firearm enhancement, and a consecutive term of 25 years' imprisonment for aggravated battery with a firearm. The trial court also sentenced the defendant to concurrent terms of 10 years' imprisonment for aggravated discharge of a firearm and 7 years' imprisonment for aggravated unlawful use of a weapon. No sentence was entered on the unlawful possession of a weapon by a felon count.

¶ 7     The defendant filed a motion to reconsider sentence arguing that he did not have a history of significant criminal activity that would justify such a long sentence and he had a strong possibility of rehabilitation given his young age. After a hearing, the court denied the defendant's motion. The defendant filed a notice of appeal.

¶ 8     On July 20, 2015, we affirmed the defendant's prison sentence, vacated his DNA fee and the remaining costs, and remanded the cause with directions for the trial court to expressly impose any and all fines and for the circuit clerk to specifically impose all fees in a written order. Subsequently, the defendant filed a petition for rehearing arguing that our affirmance of his prison sentences was in error because, under *People v. Martin*, 119 Ill. 2d 453, 458-60 (1988), the consideration of a factor inherent in the offense is reversible error under the second prong of the plain error analysis. We granted rehearing.

¶ 9                                    ANALYSIS
¶ 10                                   I. Sentence
¶ 11    The defendant argues that the trial court improperly considered a factor inherent in the offense of first degree murder, while sentencing the defendant. Specifically, the court found that the defendant's conduct caused or threatened serious harm. The defendant acknowledges that he did not properly preserve this issue for appellate review but contends that it is reversible error under the second prong of the plain error doctrine.[2]

¶ 12    To overcome a claim of forfeiture, we must determine whether the alleged errors can be reviewed under the plain error doctrine. The first step in a plain error analysis is to determine whether a "plain error" occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). "The word 'plain' here is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2.

¶ 13    Generally, a trial court may not consider as an aggravating factor in sentencing a fact that is inherent in the offense with which the defendant was charged. *People v. Thomas*, 171 Ill. 2d 207, 226-27 (1996). This rule is not meant to apply rigidly because public policy dictates that a sentence be varied in accordance with the circumstances of the offense. *People v. Cain*, 221 Ill. App. 3d 574, 575 (1991). The court may consider the nature and circumstances of an offense, including the nature and extent of each element of the offense as committed by the defendant. *People v. James*, 255 Ill. App. 3d 516, 532 (1993). The cause must be remanded for resentencing where a reviewing court is unable to determine the weight given to an improper factor. *People v. Beals*, 162 Ill. 2d 497, 509 (1994). Remand is unnecessary where a reviewing

---

[2]The defendant does not argue that this issue may be reversed under the first prong of the plain error doctrine.

court can determine from the record that the trial court placed insignificant weight upon the improper aggravating factor. *Id.* at 509-10.

¶ 14 Here, the trial court expressly stated, in aggravation, that the defendant's conduct did cause harm and acknowledged that this fact was inherent in the offense of murder, but reasserted that the conduct "did occur." *Supra* ¶ 6. Because the court noted this improper factor, acknowledged that it was inherent in the offense, and then indicated that it was still considering the factor in aggravation, we find that the court erroneously gave improper weight to the double enhancing factor.

¶ 15 The defendant argues that the court's error was reversible under the second prong of the plain error doctrine because consideration of an improper factor in aggravation affected his fundamental right to liberty. Our supreme court has equated the second prong of the plain error doctrine with structural error. *People v. Thompson*, 238 Ill. 2d 598, 613-14 (2010). Under this analysis, "automatic reversal is only required where an error is deemed 'structural,' *i.e.*, a systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009) (quoting *People v. Herron*, 215 Ill. 2d 167, 186 (2005)). The *Thompson* court noted that "[t]he Supreme Court has recognized an error as structural only in a very limited class of cases." *Thompson*, 238 Ill. 2d at 609 (citing *Glasper*, 234 Ill. 2d at 198, quoting *Neder v. United States*, 527 U.S. 1, 8 (1999), and citing *Johnson v. United States*, 520 U.S. 461, 468 (1997)). "Those cases include a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of a public trial, and a defective reasonable doubt instruction." *Id.* (citing *Washington v. Recuenco*, 548 U.S. 212, 218 n.2 (2006)).

¶ 16 In our original order, we applied the *Thompson* structural error language as a strict limitation on the categories of plain error that are reversible under the second prong. We then concluded that consideration of a factor inherent in the charged offense was not one of these select errors. However, since our decision, the supreme court clarified that "although [its] decisions in *Glasper* and *Thompson* equated second-prong plain error with structural error, [it] did not restrict plain error to the types of structural error that have been recognized by the Supreme Court." *People v. Clark*, 2016 IL 118845, ¶ 46.

¶ 17 In light of *Clark*, the defendant argues on rehearing that the consideration of a factor inherent in the charged offense is reversible error under the second prong. See *Martin*, 119 Ill. 2d at 458-60. In *Martin*, our supreme court found that both prongs of the plain error doctrine applied to this issue. *Id.* Regarding the second prong, the supreme court noted that:

> "[t]he trial judge's consideration of the fact that the defendant's conduct caused serious harm to [the victim], resulting in his death, as a factor in aggravation in sentencing clearly affected the defendant's fundamental right to liberty (see *Ingraham v. Wright* (1977), 430 U.S. 651, 673-74 ***) and impinged on her right not to be sentenced based on improper factors (see *People v. Conover* (1981), 84 Ill. 2d 400, 405 (sentence based on improper factors will not be affirmed unless the court can determine from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence))." *Id.* at 458.

We find that the *Martin* rationale controls the outcome of this case. Specifically, the trial court's express finding that the defendant's conduct caused or threatened serious harm, a factor inherent in the offense of first degree murder, impinged on the defendant's right not to be

sentenced based on an improper factor and affected his fundamental right to liberty. See *id.* Therefore, we reverse the defendant's sentence under the second prong of the plain error analysis, and we remand the cause for resentencing.

¶ 18                                   II. Fines and Fees

¶ 19        The defendant raises two issues with regard to the imposition of his fines and fees. First, the court erroneously imposed a DNA analysis fee when the defendant was previously subject to the fee because of his prior felony conviction. See *People v. Marshall*, 242 Ill. 2d 285, 303 (2011). Second, the case payment sheet contains several errors, including the omission of his $5-per-day presentence incarceration credit. We find that our resolution of the first issue has rendered these cost issues moot. However, on remand, we note that the defendant should not be subject to the DNA analysis fee, as the record establishes that his DNA was previously recorded. See *id.* We further order that all fines and fees imposed shall comply with the following directions: (1) the trial court shall expressly impose any and all fines; (2) the circuit clerk may impose any individual fee or court cost; (3) the amount of each fine, fee, assessment, or court cost the defendant has been ordered to pay as part of the sentence shall be set forth in a written order bearing the court's signature; (4) the written order shall provide the statutory authority for each individual financial charge; and (5) the trial court shall calculate and offset the defendant's fines by the appropriate amount of $5-per-day presentence incarceration credit.

¶ 20                                     CONCLUSION

¶ 21        The judgment of the circuit court of Peoria County is reversed and remanded with directions.

¶ 22        Reversed and remanded with directions.