2022 IL App (3d) 190015

Opinion filed March 2, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-19-0015 Circuit No. 16-CF-420 |
| TOMMY YOUNG, | ) ) | The Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment and opinion.

**OPINION**

¶ 1        The defendant, Tommy Young, was convicted of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and was sentenced, *inter alia*, to 10 years of imprisonment. On appeal, Young argues that (1) he is entitled to a reversal of his conviction based on the timing of the filing of exhibits in this appeal and (2) his sentence should be vacated and the case remanded for resentencing because the circuit court improperly considered, in aggravation, his lack of a statement in allocution.

¶ 2                                    I. BACKGROUND

¶ 3          On October 14, 2016, Young was charged by indictment with two counts of predatory criminal sexual assault of a child. Count I alleged that Young penetrated the victim's vagina with his finger. Count II alleged that Young penetrated the victim's vagina with his tongue.

¶ 4          During pretrial matters, the circuit court entered a protective order that required certain restrictions regarding any recordings compiled during the course of the investigation of the charges, including any tapes, CDs, or DVDs or any transcripts made from those recordings. One paragraph of the order stated: "[u]pon final disposition of this case, any and all copies of these tapes, CDs or DVDs and any transcripts thereof shall be returned to the State's Attorney's Office for safekeeping, except those entered into and kept as evidence in a trial." Another protective order was entered two months later stating in part that "[u]pon final disposition of this case, any and all copies of these tapes, CDs or DVDs and any transcripts thereof shall be returned to the Court for safekeeping, except those booked into and kept as evidence by the investigating law enforcement agencies."

¶ 5          After a bench trial, the circuit court found the defendant guilty of count II.

¶ 6          Young's posttrial motion for a new trial argued only that the State failed to prove him guilty of Count II beyond a reasonable doubt. That motion was denied.

¶ 7          At the sentencing hearing, Young refused to give a statement in allocution. The State sought a 10-year sentence, while defense counsel asked for the minimum sentence of six years. After hearing argument, the circuit court stated the following:

                    "The Court, taking into consideration the evidence heard at
                    trial, the arguments of counsel as to sentencing recommendations,
                    the contents of the presentence investigation, and considering the

                                          2

factors *** in aggravation and mitigation that the Court must consider *** as well as the *** I guess *** the imperative upon every Court in sentencing to take into consideration a defendant's potential for rehabilitation, *** I will make some comments and findings before pronouncing the sentence.

There's no question that the conviction for the offense of predatory criminal sexual assault of a child carries with it not only the impact of a sentence of incarceration, but also a lifelong impact, potentially lifelong impact, of being monitored by the State as a sex offender and consequences that can flow not from registering, for example, that can result in *** another sentence to the Department of Corrections. But I think it's warranted. This is the type of offense where society needs to monitor an individual.

Looking at the facts in this case, the title of the offense, predatory criminal sexual assault of a child—the title of the offense describes exactly what the defendant did. The defendant acted as a predator here.

He waited until the child was alone, there were no adults, and he took advantage of the situation. He *** struck, if you will, when the opportunity presented itself. And his prey was defenseless and a young child.

The defendant should be monitored the rest of his life. The—he did cause harm. The victim's impact statement reflects

3

that clearly. And *** it's only common sense that it would cause harm to a child to be sexually assaulted in this manner at any age, but particularly at the tender age of [the victim] in this case.

I think that the factor in aggravation, certainly one that needs to be effectuated here, is the need to deter others from doing this. It happens all too often.

I would note also that the defendant has not accepted responsibility. He has not even offered a statement in allocution. Now, he doesn't have to accept that, but there is a difference between a defendant who continues to deny any responsibility and a defendant who says, [y]ou know what, what I did was very wrong.

The—taking into consideration the *** nature of his conduct, the need to deter others from doing this, my assessment as to his character, and potential for rehabilitation, I find that the recommendation of the State is a reasonable recommendation."

The court then sentenced Young to 10 years of imprisonment and mandatory supervised release of three years to life. Young filed a timely notice of appeal on January 4, 2019.

¶ 8 On January 16, 2019, the Kankakee County circuit court clerk was ordered to prepare the record for appeal. The record was filed with this court on April 18, 2019. However, it did not contain the physical exhibits used at trial.

¶ 9 Beginning in August 2019, the Office of the State Appellate Defender (OSAD) began efforts to locate the missing exhibits. OSAD was told by the circuit court clerk that the

4

prosecutor's office had most of the missing exhibits, while the prosecutor's office told OSAD that the clerk's office had them. The matter culminated in this court granting OSAD's December 2020 motion to compel the circuit court clerk to produce the exhibits. The circuit court clerk's office filed an affidavit with this court, indicating that it did not have the missing exhibits, and this court ordered Young to respond.

¶ 10    In January 2021, the State's Attorneys Appellate Prosecutor's office filed a motion to supplement the record with some of the missing exhibits, indicating that it had located them after contacting the prosecutor's office in Kankakee County.

¶ 11    Before service of this motion, OSAD filed its response to the clerk's affidavit. In that response, OSAD claimed that he "[had] been denied his constitutional right to meaningful appellate review" and that he could not file a substantive brief, such that the proper remedy was a reversal of his conviction and remand for a new trial. A response and a reply were filed in January 2021.

¶ 12    In February 2021, this court granted the State Appellate Prosecutor's office's motion to supplement the record. A briefing schedule was entered that gave, *inter alia*, 35 days for OSAD to file its appellant's brief. On day 35, OSAD filed its appellant's brief, which did not contain a substantive argument related to Young's conviction but instead requested that this court address OSAD's response to the circuit court clerk's affidavit. The brief also identified one sentencing issue.

¶ 13                                          II. ANALYSIS

¶ 14    Young's first argument on appeal is that he is entitled to a reversal of his conviction based on the timing of the filing of certain exhibits in this appeal. Initially, Young presents a lengthy argument attempting to convince this court that the issue is not moot, despite the fact that

5

the essential missing exhibits have been filed. Then, Young presents a one-paragraph attempt to explain why a reversal on this issue would not be a windfall for him.

¶ 15    Young's reliance on *People v. Appelgren*, 377 Ill. App. 3d 137 (2007), is misplaced. In that case, the Second District reversed the defendant's conviction and remanded the case for a new trial because the absence of an exhibit in the record, for which the defendant bore no responsibility, deprived the defendant of a sufficient record to permit a review of his case. *Id.* at 144-45. In this case, the missing exhibits have been filed. Accordingly, *Appelgren* provides no support for Young's argument.

¶ 16    Even assuming that Young were correct that the issue was not moot, there is absolutely no support in the law for Young's argument that he is entitled to a reversal of his conviction based on the timing of the filing of the essential missing exhibits. There is simply no merit in Young's claims that the late filing of the exhibits "deprived [him] of a complete record" and violated his "right to a meaningful appeal," especially when he has presented no substantive argument whatsoever that his conviction was erroneous, despite having the full 35 days to file his appellant's brief once the exhibits had been filed. Under these circumstances, we reject Young's first argument on appeal.

¶ 17    Young's second argument on appeal is that the circuit court erred at sentencing when it considered, in aggravation, his lack of a statement in allocution.

¶ 18    Initially, we note that there appears to be a split in authority regarding the standard of review on this issue. Numerous cases from different districts of the appellate court have cited to the Second District's decision in *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, for the proposition that "the question of whether a court relied on an improper factor in imposing a sentence ultimately presents a question of law to be reviewed *de novo*." *Abdelhadi* cites to

6

*People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008), for this proposition. However, *Chaney* cites no authority to support its statement that whether a court subjected a defendant to double enhancement at sentencing "involves a question of law, and thus, we review defendant's sentence *de novo*." *Id.*

¶ 19 Notably, we have found no cases from our supreme court that stand for the above-referenced proposition appearing in *Abdelhadi* and *Chaney*. In fact, our supreme court has long held that "absent an abuse of discretion by the trial court a sentence may not be altered upon review." *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). We decline to follow the line of cases applying *de novo* review in the context of whether a circuit court considered an improper factor at sentencing.

¶ 20 Next, we also note that Young acknowledges he has forfeited this issue. However, he requests we review the issue under the plain error doctrine.

¶ 21 The plain error doctrine "allows a reviewing court to reach a forfeited error affecting substantial rights in two circumstances." *People v. Herron*, 215 Ill. 2d 167, 178 (2005). The second circumstance is applicable here: "[W]here the error is so serious that the defendant was denied a substantial right, and thus a fair trial, a reviewing court may consider a forfeited error in order to preserve the integrity of the judicial process." *Id.* at 179. The first step in plain error analysis is to determine if error in fact occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 22 While a sentencing court may consider a defendant's lack of remorse, "the court may not draw a negative inference from the defendant's exercise of his constitutional right to remain silent." *People v. Matute*, 2020 IL App (2d) 170786, ¶ 59; see also *People v. Ward*, 113 Ill. 2d 516, 530-32 (1986) (referencing the right of allocution and noting the importance of not

penalizing a defendant for exercising his constitutional and statutory rights to procedural safeguards in criminal cases). In this case, it is clear that the circuit court considered, as an aggravating factor, Young's refusal to make a statement in allocution. Doing so was clear error. See *Matute*, 2020 IL App (2d) 170786, ¶ 59.

¶ 23    Young asserts that this error is reversible under the second prong of the plain error doctrine. "Reliance on an improper sentencing factor is amenable to plain-error review because such reliance 'impinges upon defendant's fundamental right to liberty.' " *People v. Maggio*, 2017 IL App (4th) 150287, ¶ 50 (quoting *People v. Kopczick*, 312 Ill. App. 3d 843, 852 (2000)). We agree with Young. We acknowledge that individual comments by the sentencing court must be considered in the context of the entire record. *Ward*, 113 Ill. 2d at 526-27. However, we also acknowledge that our supreme court has instructed that when a circuit court considers an improper factor in sentencing a defendant, the court's sentencing decision must be vacated and the case remanded for resentencing unless it is clear from the record that the improper factor was so insignificant that its consideration did not result in a greater sentence. *People v. Martin*, 119 Ill. 2d 453, 458 (1988); *People v. Bourke*, 96 Ill. 2d 327, 332 (1983); *People v. Conover*, 84 Ill. 2d 400, 405 (1981). "Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing." *Bourke*, 96 Ill. 2d at 332.

¶ 24    In this case, we are unable to determine the weight the circuit court gave to Young's refusal to make a statement in allocution. Accordingly, we vacate his sentence and remand for resentencing. See *id.*

¶ 25                               III. CONCLUSION

¶ 26          The judgment of the circuit court of Kankakee County is affirmed in part and reversed in part and the cause is remanded for further proceedings.

¶ 27          Affirmed in part and reversed in part.

¶ 28          Cause remanded.

**No. 3-19-0015**

| | |
|---|---|
| **Cite as:** | *People v. Young*, 2022 IL App (3d) 190015 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 16-CF-420; the Hon. Clark E. Erickson, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |