**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210529-U

Order filed July 17, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Fulton County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0529 Circuit No. 19-CF-356 |
| | ) | |
| PEDRO H. OROZCO, | ) ) | Honorable Thomas B. Ewing, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court committed reversible error in considering the three victims' deaths as a factor in aggravation.

¶ 2     Defendant, Pedro H. Orozco, appeals his sentence for aggravated driving while under the influence (DUI), arguing that the Fulton County circuit court erred in considering improper factors in aggravation at sentencing and that his sentence was excessive. We vacate defendant's sentence and remand for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4        On December 23, 2019, the State charged defendant, in relevant part, with aggravated DUI (625 ILCS 5/11-501(d)(1)(F) (West 2018)) stemming from a fatal collision. The information alleged that defendant, while under the influence of alcohol, drove a motor vehicle, and was involved in a collision "that resulted in the death of two or more persons, and the defendant's violation of subsection (a) of 625 ILCS 5/11-501 was the proximate cause of the death."

¶ 5        On December 15, 2020, defendant entered an open plea of guilty to aggravated DUI. Defendant stipulated that while intoxicated, he disobeyed a stop sign and collided with another vehicle. The occupants of that vehicle, Archie Allen, Carolyn Seibert, and Marvin Brockett were killed in the collision. Defendant was admonished that he faced a sentencing range of 6 to 28 years' imprisonment.

¶ 6        At a sentencing hearing, the presentence investigation report was submitted, indicating that defendant had a prior DUI violation in 2017. Two individuals made victim impact statements to the court—Carolyn's son, Travis Seibert, and Marvin's nephew, Roger Brockett Jr. Following these statements, the parties discussed which of the statutory aggravating and mitigating factors were applicable. The State argued that the court should consider, among others, the first factor. The court agreed, stating: "Factor 1 is the defendant's conduct [caused] or threatened serious harm. The Court is gonna consider that's an appropriate factor." The court also indicated it considered defendant's prior criminal history and deterrence as appropriate aggravating factors. After this discussion, defendant's mother testified on his behalf. She indicated that defendant had a "problematic and unstable" childhood. He witnessed a significant amount of physical and substance abuse from his parents and turned to alcohol at a young age to cope.

¶ 7      At the close of evidence, the parties argued and made sentencing recommendations. Defendant requested a finding of extraordinary circumstances and a sentence of probation, and the State asserted that "12 years in the Department of Corrections [(DOC)] is wholly appropriate and perhaps, perhaps a little bit light; but I believe it's one hundred percent wholly appropriate in this situation." The court rejected defendant's request for a finding of extraordinary circumstances, stating:

> "I don't see any extraordinary circumstances here that could be found or should be found. The extraordinary circumstances is that, the three people who are no longer alive. The extraordinary circumstances is that defendant had a prior [DUI] and then proceeded to do that again. Those are the extraordinary circumstances."

The court explained that it considered the State's recommendation and agreed that it was "a bit light." The court then sentenced defendant to 15 years' imprisonment, stating:

> "I'm gonna sentence you to 15 years in the [DOC]. And the reason for that is the—This wasn't one. This wasn't two. This was three lives. There could have been others. But particularly, *** the factor in aggravation, the sentencing is necessary to deter others from committing the same crime."

¶ 8      Defendant filed a written motion to withdraw his guilty plea and reconsider his sentence. In that motion, he alleged, among other things, that the sentence imposed was excessive and the court improperly weighed and considered the statutory factors in aggravation "including but not limited to: *** the Defendant's lack of significant criminal history." Defendant presented no argument at the hearing, standing on the motion as written. Defendant's motion was denied. Defendant appeals.

¶ 9                                II. ANALYSIS

¶ 10        Defendant argues that the court erred in considering improper aggravating factors at sentencing. Further, defendant argues that his 15-year sentence was excessive considering the presence of strong mitigating factors. The State asserts that defendant has forfeited consideration of these issues on appeal by failing to object at the sentencing hearing or raise the issue in his postsentencing motion.

¶ 11        Generally, to preserve an issue for appellate review, a defendant must make a contemporaneous objection to the error and file a written posttrial motion raising the issue. *People v. Allen*, 222 Ill. 2d 340, 350 (2006). A lack of contemporaneous objection will not always result in forfeiture. See *In re Commitment of Montanez*, 2020 IL App (1st) 182239, ¶ 85. "[A] defendant need not interrupt a trial court to correct a trial court's misapprehension, after defense counsel has just argued the same to the court." *People v. Mitchell*, 152 Ill. 2d 274, 324 (1992); see also *People v. Saldivar*, 113 Ill. 2d 256, 266 (1986). Defendant argues that his lack of contemporaneous objection should be excused under this precedent. However, defendant made no argument regarding these issues to the circuit court. Thus, because defendant did not object to the alleged errors at the sentencing hearing and had not presented any argument regarding the errors to the court, these claims are forfeited. Having so found, defendant requests that we review his unpreserved claims under the plain error doctrine. See Ill. S. Ct. R. 615(a) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.").

¶ 12        The plain error doctrine permits a reviewing court to remedy a "clear or obvious error" when: (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "that error is so

4

serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Defendant contends that his claims of error are reversible under both prongs of the plain error analysis. The first step of the plain error analysis is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 13        Defendant argues that the court erred in considering an aggravating sentencing factor that was inherent in the offense for which defendant was convicted. "Generally, a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). "In determining whether the trial court based the sentence on proper aggravating and mitigating factors, a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Larson*, 2022 IL App (3d) 190482, ¶ 29. "Consideration of an improper factor in aggravation affects a defendant's fundamental right to liberty, and therefore, is an abuse of discretion." *People v. McAfee*, 332 Ill. App. 3d 1091, 1096 (2002). "[W]hen a circuit court considers an improper factor in sentencing a defendant, the court's sentencing decision must be vacated and the case remanded for resentencing unless it is clear from the record that the improper factor was so insignificant that its consideration did not result in a greater sentence." *People v. Young*, 2022 IL App (3d) 190015, ¶ 23.

¶ 14        Section 5-5-3.2(a) of the Unified Code of Corrections lists factors in aggravation, which "shall be accorded weight in favor of imposing a term of imprisonment or may be considered by the court as reasons to impose a more severe sentence under Section 5-8-1." 730 ILCS 5/5-5-3.2(a) (West 2018). The first factor in aggravation is that "the defendant's conduct caused or threatened

serious harm." *Id.* § 5-5-3.2(a)(1). The court explicitly stated that it found consideration of this factor appropriate.

¶ 15        Defendant was convicted of aggravated DUI under section 11-501(d)(1)(F) (625 ILCS 5/11-501(d)(1)(F) (West 2018)). As charged, defendant committed aggravated DUI where he "was involved in a motor vehicle accident that resulted in the death of two or more persons, and the defendant's violation of subsection (a) of 625 ILCS 5/11-501 was the proximate cause of the death." See *id.* § 11-501(d)(1)(F), (d)(2)(G). Serious harm is implicit in the aggravated DUI charge for which defendant was convicted as he could not have been convicted of this charge without the deaths of two or more persons. Accordingly, the deaths of the victims may not be considered by the court in aggravation. See *Larson*, 2022 IL App (3d) 190482, ¶ 30.

¶ 16        While the court is not required to refrain from mentioning factors that constitute elements of the offense, the record in the instant case demonstrates that the court did not merely mention the deaths but considered them while sentencing defendant. See *People v. Andrews*, 2013 IL App (1st) 121623, ¶ 15 ("[T]he trial court is not required to refrain from any mention of the factors which constitute elements of an offense, and the mere reference to the existence of such a factor is not reversible error."). The court found that the serious harm factor was appropriate to consider, and the record was devoid of any evidence presented at the sentencing hearing of injury or harm, outside of the deaths of the three victims. When rejecting defendant's arguments for extraordinary circumstances and a term of probation, the first factor the court chose to highlight was the victims' deaths. Further, when pronouncing its 15-year sentence, the court stated: "I'm gonna sentence you to 15 years in the [DOC]. And the reason for that is the—This wasn't one. This wasn't two. This was three lives."

6

¶ 17　　　　The State argues that, even if the court considered the victims' deaths in aggravation, the record does not indicate that the court gave that factor significant weight. The State asserts that the court also considered defendant's prior DUI and placed significant weight on deterrence. The record reflects that the court highlighted defendant's prior DUI when rejecting probation and indicated it found deterrence to be a significant factor when pronouncing the sentence. Considering the entirety of the record, we are unable to determine the weight the court placed on the improper factor that defendant caused three deaths as compared with other aggravating factors. Where the court included the deaths in its stated reason for pronouncing defendant's sentence, we cannot say that its consideration of the deaths was so insignificant that it did not result in a greater sentence.

¶ 18　　　　Consideration of an improper factor inherent in the offense affects a defendant's fundamental right to liberty requiring reversal under the second prong of the plain error analysis. See *Larson*, 2022 IL App (3d) 190482, ¶ 32; *People v. Sanders*, 2016 IL App (3d) 130511, ¶ 17. Accordingly, we vacate defendant's sentence and remand for resentencing.

¶ 19　　　　Because we have vacated defendant's sentence and remanded the matter for resentencing, we need not address the remaining arguments. However, since the issue is likely to recur on remand, we note that the nephew of a victim does not meet the "representative" definition set forth in section 6(a-1) of the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/6(a-1) (West 2018)). This court has previously found that the circuit court has no discretion to allow nonrepresentatives to make victim impact statements. *Larson*, 2022 IL App (3d) 190482, ¶ 40. Thus, "we remind the trial court[ ] of [its] obligation to comply with the statute" and allow on remand only those victim impact statements authorized by the Act. *People v. Somers*, 2013 IL 114054, ¶ 18.

¶ 20　　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court of Fulton County is vacated and remanded for further proceedings.

¶ 22    Vacated and remanded.