**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240440-U

Order filed November 25, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0440 Circuit No. 18-CF-2423 |
| RAYMOND A. VIEYRA, | ) ) ) | Honorable Mia S. McPherson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing the defendant's second-stage postconviction petition.

¶ 2    The defendant, Raymond A. Vieyra, appeals from the second-stage dismissal of his postconviction petition alleging ineffective assistance of counsel. The defendant argues that the Du Page County circuit court erred in dismissing the petition where he made a substantial showing that plea counsel's failure to object to the inclusion and use of a void conviction at sentencing resulted in a more severe sentence.

¶ 3                                    I. BACKGROUND

¶ 4         Relevant to this appeal, the defendant was indicted on three counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(3) (West 2018)) alleging that on October 21, 2018, the defendant knowingly discharged a firearm in the direction of three officers, knowing them to be peace officers engaged in the execution of their official duties. The defendant pled guilty to these three counts in exchange for an agreed sentencing cap of 30 years' imprisonment and the dismissal of his remaining charges.

¶ 5         The State provided a factual basis which stated that the three officers responded to a domestic disturbance. The defendant had been consuming alcoholic beverages and engaged in an argument with his girlfriend. After the defendant's girlfriend contacted the police, the defendant stated "[w]hen they come, I am going out with a bang." The defendant retrieved his firearm and waited in the "driveway area of the garage." Upon the officers' arrival, the defendant fired six rounds in their direction, hitting the vehicle between himself and the officers. Officers "recovered a Category 1 firearm which the defendant admitted was the one he had used."

¶ 6         The presentence investigation report (PSI) detailed the defendant's criminal history. The defendant had numerous juvenile adjudications for burglary, residential burglary, criminal trespass to a vehicle, and possession of a stolen motor vehicle. The defendant also had convictions for, *inter alia*, traffic offenses, possession of a stolen motor vehicle, domestic battery, aggravated assault, unlawful use of a weapon in 1993, aggravated unlawful use of a weapon (AUUW) in 2001, and aggravated battery in 2006.

¶ 7         At a sentencing hearing on June 25, 2021, the State argued that the defendant had "a lifetime of criminal behavior." The State explained that:

"from the time of his first arrest, to the October 21st of 2018 when he unloaded onto these officers, there has been 7,065 days that the defendant has been—since that date to the date he committed this offense. And of those 7,065 days, the defendant has been on bond, has been under a sentence by a court, has been incarcerated, or mandatory supervised release for 6,006 days which is basically 85 percent of the last 30 plus years the defendant has been under the purview of the criminal justice system."

The State contended that "the overarching theme in the defendant's history has been one of violence and one of leaving victims in the wake of his violence" and highlighted that the three newest victims, the officers, were performing their duties to protect the public only to be "greeted with a barrage of bullets."

¶ 8      The court considered the relevant factors in mitigation and aggravation and sentenced the defendant to 25 years' imprisonment. In rendering the sentence, the court highlighted that the defendant had stated he had previously been shot twice and referenced shooting someone else, in addition to shooting at the officers in the instant offense. It discussed the defendant's conduct in the instant case, retrieving a firearm that he was not legally allowed to possess as a convicted felon and firing in the direction of three police officers. The court mentioned the defendant's lengthy criminal history and noted that "from the time [the defendant was] about 16, [he was] very much involved in the juvenile justice system with a lot of serious crimes, and [he] carried right into adulthood." The court specifically referenced his conviction for aggravated battery and "stolen motor vehicles." The court opined that the defendant's ability to cope with stress developed "unfortunately, in a way, that often involved violence and use of violence and use of weapons."

3

¶ 9        On May 15, 2023, the defendant filed a postconviction petition which alleged that on December 19, 2022, an order had been entered vacating his 2001 AUUW conviction as void *ab initio* pursuant to *People v. Aguilar*, 2013 IL 112116. The defendant argued that a void conviction cannot be used for any purpose and, therefore, he was entitled to a new sentencing hearing because his original sentence was tainted by the void conviction. The court order vacating the AUUW conviction was attached to the petition. Subsequently, an amended postconviction petition was filed by postconviction counsel which argued that plea counsel was ineffective for failing to object to the AUUW conviction's inclusion in the PSI and its use as a factor in aggravation. The State filed a motion to dismiss which argued that the defendant was not prejudiced by plea counsel's performance. On July 3, 2024, the court granted the State's motion to dismiss. The court explained that the sentencing court made a lengthy record of its sentencing decision. It found that no specific references were made by either the State or the sentencing court to the void AUUW conviction. The court reiterated that the sentencing court discussed the defendant's long history of violence which was supported by the record. Accordingly, it found that the defendant could not show prejudice on his claim. The defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, the defendant argues that the court erred in dismissing his postconviction petition where he made a substantial showing that plea counsel provided ineffective assistance for failing to object to the inclusion and use of a void 2001 AUUW conviction during sentencing.

¶ 12        The Post-Conviction Hearing Act (Act) creates a procedure for imprisoned criminal defendants to collaterally attack their convictions based on a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1) (West 2020). "The Act provides a three-stage process for adjudicating postconviction petitions." *People*

*v. English*, 2013 IL 112890, ¶ 23. The defendant's petition was dismissed at the second stage of postconviction proceedings. "During the second stage, the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35.

¶ 13        A defendant's claims of ineffective assistance of counsel are measured against the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance, the defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defendant. *Id.* To establish prejudice, a defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Patterson*, 192 Ill. 2d 93, 107 (2000).

¶ 14        Here, the defendant failed to make a substantial showing that he was prejudiced by the error. "In determining whether the trial court based the sentence on proper aggravating and mitigating factors, a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Larson*, 2022 IL App (3d) 190482, ¶ 29. The record reflects that no specific reference was made to the defendant's AUUW conviction. The record contains only vague references to firearm charges without any indication of which charges it was referencing. The defendant was being sentenced in the instant case on firearm charges. Nothing about the court's discussion would allow a reasonable inference that the vague statement regarding firearm charges was a reference to the defendant's void AUUW conviction. The record reflects that the court considered the circumstances and seriousness of the instant case at length and specific comments made about discharging a firearm were made in reference to the offenses that the defendant was being sentenced for. The arguments made by the State and the court's

comments were focused largely on the length and violent nature of the defendant's criminal history and the seriousness of the offenses for which he was sentenced. "[W]hen a circuit court considers an improper factor in sentencing a defendant, the court's sentencing decision must be vacated and the case remanded for resentencing unless it is clear from the record that the improper factor was so insignificant that its consideration did not result in a greater sentence." *People v. Young*, 2022 IL App (3d) 190015, ¶ 23. The record clearly demonstrates that the inclusion of the defendant's AUUW conviction from his criminal history was insignificant and its omission would not have resulted in a lesser sentence. Thus, the defendant cannot make a substantial showing of prejudice on his claim. Accordingly, the court did not err in dismissing the defendant's postconviction petition.

¶ 15        In coming to this conclusion, we reject the defendant's invitation to consider the fact that his 1993 conviction was vacated on January 16, 2025. "The question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act." *People v. Coleman*, 183 Ill. 2d 366, 388 (1998). The defendant did not raise this in his postconviction petition. Therefore, it is not properly before us at this time. See *People v. Garcia*, 2017 IL App (1st) 133398, ¶ 35 ("this court cannot consider evidence that is not part of the record").

¶ 16                              III. CONCLUSION

¶ 17        The judgment of the circuit court of Du Page County is affirmed.

¶ 18        Affirmed.

6